IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02286-MSK-KLM

CYNTHIA FOLEY,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

## PROTECTIVE ORDER

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties, the Court hereby Orders as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information that is disclosed in this matter pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes any such

document or information contains nonpublic personal, private, mental health, medical, social services, or other information implicating privacy interests or proprietary interests of either party, or any other person, may designate such documents or information as "Confidential Information." The documents or information so designated shall be deemed confidential subject to this Protective Order.

4. Identification of Confidential Information. The parties shall designate materials that constitute Confidential Information by placing on, or affixing to, each document the word "Confidential." To designate Confidential Information consisting of multi-page documents bound together by staples or other binding, only the first page need be stamped or marked "Confidential," provided, however, that if a multi-page document contains both allegedly confidential and non-confidential information, then the designating party shall indicate plainly on the document itself or in a cover memorandum which portions contain confidential information.

5. Protection of Confidentiality. Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by counsel for the parties and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Protective Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Protective Order.

6. Access to Confidential Information. Counsel for the parties shall be governed by the following restrictions in their use of the Confidential Information produced to them and as to the information derived therefrom:

A. Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, counsel may disclose such information to the Court and its employees, court reporters, independent expert witnesses or potential expert witnesses retained by counsel, and such other persons as may be agreed upon by the parties in the future, said agreement to be in writing signed by counsel for all parties.

B. Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read a copy of this Protective Order and sign an Agreement To Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"). Counsel for the parties shall maintain a copy of all Agreements signed by such persons and shall furnish copies to opposing counsel upon request. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, counsel shall make no further disclosure to such person and shall immediately notify opposing counsel in writing.

7. <u>Limitation on Copying</u>. Confidential Information may be copied and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Protective Order.

8. <u>Depositions</u>. Nothing in this Protective Order shall prevent the use by counsel of Confidential Information at depositions, with appropriate safeguards. At any deposition or portion thereof in which Confidential Information will be disclosed, counsel may require the deposition witness and/or court reporter to read and sign an Agreement if he or she has not

already done so. Upon the request of counsel, deposition or other testimony shall be designated "Confidential" by the court reporter transcribing the deposition and marked "Confidential" by the court reporter, provided however, that if a deposition contains both allegedly confidential and non-confidential information, then only the confidential portion thereof shall be so designated. Counsel shall additionally have thirty (30) days after the deposition transcript has been made available to designate those portions of the deposition testimony or exhibits which they deem to contain or reveal Confidential Information. If documents or information designated Confidential are used in other depositions, such documents or information, and all portions of the transcript of such depositions and exhibits thereto which refer or relate to such documents or information, shall be treated as Confidential Information and, if filed with the Court, shall be filed under seal.

    9. <u>Confidential Information to be Filed with Court Under Seal</u>. A party contemplating filing Confidential Information with the Court must file a motion with the Court requesting leave to file Confidential Information under seal pursuant to D.C.COLO.LCivR. 7.2. The Court will post notice of the filing of the motion to seal and objections may be filed pursuant to D.C.COLO.LCivR. 7.2(H). If the motion to seal is granted, all Confidential Information so filed shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

    10. A party may object to the designation of particular documents as Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party *objecting* to the designation of the information as confidential to file an

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the *objecting* party fails to file such a motion within the prescribed time, the disputed information shall retain its designation as confidential and shall thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party *objecting* to the designation of the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as non-confidential.

11. Legal Process. In the event a recipient of Confidential Information produced in connection with this action receives any subpoena, other legal process or request directed at compelling the production of Confidential Information, that recipient shall immediately notify opposing counsel, in writing, so as to afford it ample opportunity to contest that subpoena, legal process or request.

12. Disposition on Termination of Action. Within 60 days of the entry of an Order finally terminating this action, including all appeals, and unless all counsel agree otherwise in writing, counsel and any other person receiving Confidential Information shall assemble and turn over to opposing counsel all materials, documents, summaries, digests and abstracts containing Confidential Information and all copies thereof, provided, however that counsel may retain one set of pleadings, documents filed with the Court and depositions, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Protective Order. As to any items retained by counsel, a complete list of same must be provided to

opposing counsel within the sixty (60) day period of the entry of an Order finally terminating this action.

13. <u>Costs, Damages and Sanctions</u>. Counsel acknowledges they may be subject to sanctions for breach of this Protective Order and agree to reimburse the opposing party for all reasonable attorney's fees and costs incurred as a result of a successful action seeking sanctions to the extent that such sanctions are imposed against counsel. for breach of this Protective Order. Counsel also agrees to reimburse the opposing party for all reasonable attorney's fees and costs incurred as a result of any successful action initiated to to the extent that such fees and costs are imposed against counsel. enforce this Protective Order. Nothing in this Protective Order limits the parties' right to pursue other legal or equitable remedies available to it resulting from a breach of this Protective Order.

Entered this 10TH day of May, 2010.

_____
United States Magistrate Judge

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

# APPENDIX A

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Protective Order in the case of Foley v. Hartford Life and Accident Insurance Company pending in the United States District Court for the District of Colorado, Case No. 09-cv-2286-MSK-KLM, a copy of which has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Protective Order and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Protective Order. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Protective Order, I may be subject to sanctions.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City    State    Zip

_____
Occupation or Business